UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRENISHA JAMES,<br>Plaintiff,<br>v.<br>SHAUNDA CROSBY,<br>Defendant. | ) | Civil Action No. 25-3025 (PLF) |

OPINION

This matter is before the Court on the Motion to Dismiss ("MTD") [Dkt. No. 10] filed by defendant Shaunda Crosby, and the Motion for Leave to File an Amended Complaint ("MTA") [Dkt. No. 13] filed by plaintiff Trenisha James. For the reasons stated below, the Court grants defendant's Motion to Dismiss and denies plaintiff's Motion for Leave to File an Amended Complaint. [1]

I. BACKGROUND

Plaintiff, who is proceeding pro se and in forma pauperis, initiated this matter on July 18, 2025, by filing a civil complaint in the Superior Court of the District of Columbia against the defendant, an employee of the United States Postal Service ("USPS"). See Notice of Removal Exhibits [Dkt. No. 1-1] at 7–8 (Pl.'s Complaint) ("Compl."). The complaint alleges

1 The papers reviewed by the Court in connection with this matter include: Notice of Removal from Superior Court of D.C. ("Notice of Removal") [Dkt. No. 1]; plaintiff's Complaint ("Compl.") [Dkt. No. 1-1]; defendant's Motion to Dismiss for Lack of Jurisdiction ("MTD") [Dkt. No. 10]; plaintiff's Memorandum in Opposition to Motion to Dismiss for Lack of Jurisdiction ("Opp.") [Dkt. No. 12]; and plaintiff's Motion for Leave to File Amended Complaint ("MTA") [Dkt. No. 13].

that on June 8, 2025, plaintiff stopped receiving mail, including her child support checks, from her local post office located on Brentwood Road, N.E. in the District of Columbia. See Compl. at 1. On July 1, 2025, she went to the Brentwood Road Post Office in person to place her "mail on hold" and to retrieve the mail she had yet to receive. See id. Plaintiff was told that there was "no mail for [her] unit and no mail should be sent to the dwelling." Id. Shortly thereafter, on July 12, 2025, defendant allegedly called plaintiff to harass her "on the weekend after bus[]iness hours[,]" stating that plaintiff would "not be receiving mail[,]" and that defendant would "make sure of it herself." See id. at 2.

Plaintiff asserts that on January 31, 2026, she "received written confirmation through a congressional inquiry that USPS management had reviewed documentation" and determined that plaintiff's residence "is a valid multi-unit dwelling" and thus "confirmed" its "activation." See Plaintiff's Opposition to Motion to Dismiss for Lack of Jurisdiction ("Opp.") [Dkt. No. 12] at 3; see also Opp. Declaration ("Decl.") [Dkt. No. 12-1] at 1-2.[2] Mail delivery service to plaintiff's residence resumed very briefly, but it has since been "inconsistent or blocked." See Opp. at 3; Decl. at 2. As a result, plaintiff asks to be "compensate[d]" and demands that the Court compel defendant to "rectify the situation ASAP." See Compl. at 1.

---

2 These asserted facts, presented in plaintiff's Opposition are new, and courts generally will not permit a complaint to be amended by the briefs filed in opposition to a motion to dismiss. See Middlebrooks v. Godwin Corp., 722 F. Supp. 2d 82, 87 n.4 (D.D.C. 2010), aff'd, 424 Fed. Appx. 10 (D.C. Cir. 2011) (per curiam), cert. denied, 565 U.S. 1093 (2011). When a pro se litigant is opposing a motion to dismiss, however, the court is obligated to consider all of the litigant's submissions as a whole. See Brown v Whole Foods Market Group, Inc., 789 F.3d 146, 151–52 (D.C. Cir. 2015) (per curiam) ("a district court errs in failing to consider a pro se litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss"); see also, e.g., Buchanan v. Sony Music Entm't, Civil Action No. 18-3028 (KBJ), 2020 WL 2735592, at *1 n.2 (D.D.C. May 26, 2020) (noting that "[a]ll factual allegations by a pro se litigant, whether contained in the complaint or other filings in the matter, should be read together in considering whether a motion to dismiss should be granted") (quoting Muhammad v. FDIC, 751 F. Supp. 2d 114, 119 (D.D.C. 2010)).

On September 5, 2025, defendant removed this case from the Superior Court to this Court pursuant to 28 U.S.C. § 1442(a)(1). See Notice of Removal [Dkt. No. 1]. After defendant was served with process on December 9, 2025, see Returns of Service of Process [Dkt. No. 8], she filed, in response to the complaint, the pending Motion to Dismiss. See generally MTD. On January 22, 2026, the Court issued a Memorandum Opinion and Order [Dkt. No. 11], advising plaintiff of her obligation to respond to the Motion to Dismiss, warning her of the consequences of failing to respond, and directing her to file a response by no later than February 20, 2026, see id. at 1–2 (citing Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988) (per curiam)). Plaintiff filed her Opposition to the Motion to Dismiss on February 19, 2026. On the same day, she filed the pending Motion for Leave to File an Amended Complaint.

## II. LEGAL STANDARDS

### *A. Subject Matter Jurisdiction: Rule 12(b)(1)*

"Article III of the Constitution prescribes that '[f]ederal courts are courts of limited subject-matter jurisdiction' and 'ha[ve] the power to decide only those cases over which Congress grants jurisdiction.'" Bronner v. Duggan, 962 F.3d 596, 602 (D.C. Cir. 2020) (alterations in original) (quoting Al-Zahrani v. Rodriguez, 669 F.3d 315, 317 (D.C. Cir. 2012)); see Gunn v. Minton, 568 U.S. 251, 256 (2013) ("'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'") (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Absent subject matter jurisdiction over a case, a court must dismiss it. See Arbaugh v. Y & H Corp., 546 U.S. 500, 506–07 (2006) (citing Kontrick v. Ryan, 540 U.S. 443, 455 (2004)); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")).

To survive a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of demonstrating a court's subject matter jurisdiction over the claims at issue. Arpaio v. Obama, 797 F.3d 11, 19 (D.C. Cir. 2015), cert. denied, 577 U.S. 1103 (2016). When considering a motion to dismiss under Rule 12(b)(1), a court must accept as true all uncontroverted material factual allegations contained in the complaint and "'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged' and upon such facts determine jurisdictional questions." Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005); Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004)). A court need not accept inferences drawn by the plaintiff, however, if those inferences are unsupported by facts alleged in the complaint or amount merely to legal conclusions. See Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).

When reviewing a challenge pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court may consider documents outside of the pleadings to assure itself that it has jurisdiction. See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987). By considering documents outside the pleadings when reviewing a motion to dismiss under Rule 12(b)(1), a court does not convert the motion into one for summary judgment. "[T]he plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment" when documents extraneous to the pleadings are considered by a court. Haase v. Sessions, 835 F.2d at 905 (emphasis in original).

Furthermore, and as relevant here, the United States "may not be sued without its consent." Anderson v. Carter, 802 F.3d 4, 8 (D.C. Cir. 2015) (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983)). Federal agencies and federal officials sued in their official

capacities for money damages are protected by sovereign immunity unless the federal government has expressly agreed to be sued. See FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); Clark v. Libr. of Cong., 750 F.2d 89, 103 (D.C. Cir. 1984) (same). "In plain English," this means that plaintiffs "cannot sue the federal government, agencies of the federal government, or employees of the federal government for acts they perform in their official capacities, unless the federal government has expressly agreed to be sued." Roum v. Bush, 461 F. Supp. 2d 40, 45 (D.D.C. 2006). Without that agreement to be sued, "sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit." FDIC v. Meyer, 510 U.S. at 475.

This principle of sovereign immunity is "jurisdictional in nature," meaning that where the federal government is protected by sovereign immunity this Court has no jurisdiction to resolve the lawsuit. The federal government's agreement to be sued "in any court define[s] that court's jurisdiction to entertain the suit." FDIC v. Meyer, 510 U.S. at 475 (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). If a court determines that it has no subject matter jurisdiction over the lawsuit, "[the Court] can proceed no further." Anderson v. Carter, 802 F.3d at 10. Lawsuits barred by sovereign immunity are appropriately dismissed under Rule 12(b)(1). Black Lives Matter D.C. v. United States, 775 F. Supp. 3d 241, 262–63 (D.D.C. 2025) (quoting FDIC v. Meyer, 510 U.S. at 475); see also Edwards v. United States, 211 F. Supp. 3d 234, 236 (D.D.C. 2016).

### *B. Failure to State a Claim: Rule 12(b)(6)*

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a plaintiff must provide a short and plain statement of her claim showing that she is entitled to relief giving "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). Rule 12(b)(6) provides that a motion to dismiss may be granted for failure to state a claim. FED. R. CIV. P. 12(b)(6).

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Spence v. Dep't of Vet. Affairs, 109 F.4th 531, 539 (D.C. Cir. 2024) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), cert. denied, 145 S.Ct. 594 (2024). The court "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." Hettinga v. United States, 677 F.3d 471, 476 (D.C. Cir. 2012) (per curiam) (citation omitted), cert. denied, 568 U.S. 1088 (2013); see also Sanchez v. Off. of State Super. of Educ., 45 F.4th 388, 397 (D.C. Cir. 2022) (same), cert. denied, 143 S.Ct. 579 (2023). "But the Court need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint." Hettinga v. United States, 677 F.3d at 476. Nor must the court accept "a legal conclusion couched as a factual allegation," or "naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. at 678 (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. Id. In ruling on a motion to dismiss for failure to state a claim, a court may consider the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which a court may take judicial notice, and matters of public record. See N. Am. Butterfly Ass'n v. Wolf, 977 F.3d 1244, 1249 (D.C. Cir. 2020) (quoting Hurd v. District of Columbia, 864 F.3d 671, 678 (D.C. Cir. 2017).

A pro se complaint is "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (internal quotation marks and citation

omitted). Nevertheless, the pro se plaintiff "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct.'" Atherton v. Dist. of Columbia Office of the Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. at 678–79), cert. denied, 559 U.S. 1039 (2010).

*C. Leave to Amend: Rule 15(a)(2)*

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend a complaint that cannot be amended as a matter of course shall be permitted only "with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Courts should "freely give leave when justice so requires[,]" id., though the decision to grant or deny leave to amend a complaint "is committed to a district court's discretion[,]" Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam). If granting a motion to amend "will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of" the other party, the motion should be granted." Hall v. CIA, 437 F.3d 94, 101 (D.C. Cir. 2006).

While Rule 15(a)(2) prescribes a "liberal amendment policy," leave to amend will not be granted automatically. See 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 1487 (3d ed. 2010). Generally, leave may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

### *A. Defendant's Motion to Dismiss*

Defendant moves to dismiss plaintiff's claims on two grounds: for want of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). See MTD at 3–8. Although plaintiff's complaint is devoid of citation to any legal authority, defendant construes plaintiff's allegations under the Administrative Procedure Act ("APA"). See id. at 5–7. Because plaintiff challenges defendant's decision to deny delivery of plaintiff's mail to her residence, the Court accepts defendant's presumption. Because plaintiff also seeks compensation from a federal official, however, her claims also invoke the Federal Tort Claims Act ("FTCA"). The Court addresses both claims and concludes that the government has not waived sovereign immunity under either statute. Furthermore, even if sovereign immunity had been waived, this Court would lack subject matter jurisdiction over plaintiff's claims under the doctrine of derivative jurisdiction.

#### 1. Plaintiff's APA Claims Are Barred by Sovereign Immunity

Under the APA, a court "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). The sovereign immunity of the United States, its agencies, and its officials, is only waived, however, for claims for non-monetary damages made against "an agency or an officer or employee thereof." Id. at § 702. And while USPS may fit the APA definition of "agency," id. § 701(b)(1), federal law provides that the USPS is exempted from judicial review under the APA, see 39 U.S.C. § 410(a), except in limited circumstances not applicable here. See 39 U.S.C. § 410(b); see also Mittleman v.

Postal Regulatory Comm'n, 757 F.3d 300, 305 (D.C. Cir. 2014) ("[T]he Postal Service is exempt from review under the Administrative Procedure Act.") (internal quotation marks and citations omitted)); Humane Soc'y v. Postal Serv., 609 F. Supp. 2d 85, 94 (D.D.C. 2009) (same). Accordingly, sovereign immunity precludes judicial review of decisions made by USPS and its employees.

2. Plaintiff Fails to State an Ultra Vires Claim

In her Opposition, plaintiff attempts to invoke the ultra vires exception to sovereign immunity. See Opp. at 3. The ultra vires exception for claims against an official in their official capacity is "based on the principle that . . . [an] action by a federal officer is beyond the officer's powers and is, therefore, not the conduct of the sovereign." Pollack v. Hogan, 703 F.3d 117, 120 (D.C. Cir. 2012) (per curiam) (citation and internal quotation marks omitted). It affords non-statutory review of an agency decision when an agency has violated an unambiguous and mandatory legal requirement. Leedom v. Kyne, 358 U.S. 184, 188–89 (1958). A court may recognize an ultra vires claim when an agency patently misconstrues a statute, disregards a specific and unambiguous statutory directive, or violates a specific command of a statute. Griffith v. Fed. Labor Rel. Auth., 842 F.2d 487, 493 (D.C. Cir. 1988) (citing cases). "Time and again, courts have stressed that ultra vires review has 'extremely limited scope.'" Changji Esquel Textile Co. v. Raimondo, 40 F.4th 716, 721–22 (D.C. Cir. 2022) (quoting Griffith v. Fed. Labor Rel. Auth., 842 F.2d at 493). Its application is rare, "because ultra vires review seeks the intervention of an equity court where Congress has not authorized statutory judicial review, on the assumption that Congress has not 'barred judicial comparison of agency action with plain statutory commands[.]'" Fed. Express Corp. v. Dep't of Com., 39 F.4th 756, 765 (D.C. Cir. 2022) (alterations in original) (quoting Dart v. United States, 848 F.2d 217, 222 (D.C. Cir.

1988)). Put differently, an ultra vires claim is "essentially a Hail Mary pass—and in court as in football, the attempt rarely succeeds." Changji Esquel Textile Co. v. Raimondo, 40 F.4th at 722.

Plaintiff argues that ultra vires applies here because her mail delivery problems are "ongoing" and because USPS's failure to deliver her mail constitutes an "action beyond delegated authority[,]" in light of the "already-approved activation" of her residence. See Opp. at 3. Despite plaintiff's careful choice of language in her Opposition, these broad allegations that defendant's actions were improper, unfair, and unpleasant, are conclusory arguments and do not further her claim. Just because a problem is ongoing does not make it ultra vires, and plaintiff presents no legal authority supporting her conclusion that USPS's decision to halt mail delivery to her residence (even though it is "activated") exceeds its legal authority. To the contrary, USPS has discretion to suspend mail services for a variety of reasons. See USPS Postal Operations Manual, Ch. 6, Delivery Services, Withdrawal of Delivery Service https://about.usps.com/what/business-services/delivery-growth-management/assets/pdf/section-623.pdf (last visited July 24, 2026); see also 39 U.S.C. §§ 401(2), (10), 403(b)(1).[3]

In sum, plaintiff has not shown that there has been any waiver of sovereign immunity. Nor has she plausibly alleged that defendant's actions were ultra vires. Her claim for equitable relief under the APA therefore must be dismissed.

3. Plaintiff's FTCA Claims Are Barred by Sovereign Immunity

Insofar as plaintiff seeks damages under the Federal Tort Claims Act, her claim is again barred by sovereign immunity. The FTCA sets forth the circumstances in which the United States may be sued for monetary relief, see 28 U.S.C. §§ 2671–80, generally waiving

3 The Court may take judicial notice of information from official public websites of government agencies. See Cannon v. Dist. of Columbia, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013).

sovereign immunity for certain tort claims raised against federal employees, see 28 U.S.C. § 1346(b)(1).[4] Relevant here, the Postal Reorganization Act incorporates the FTCA by reference, expressly waiving sovereign immunity for tort claims against USPS's officers. See 39 U.S.C. § 409(c). But the FTCA includes 13 separate exceptions to the waiver of sovereign immunity. See 28 U.S.C. § 2680. If one or more of those exceptions applies, the bar of sovereign immunity remains. See Dolan v. U.S. Postal Serv., 546 U.S. 481, 484–85 (2006). Here, plaintiff's claims are subject to at least two of these exceptions.

The first exception is the "postal matter exception," under which sovereign immunity remains intact for claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); see Dolan v. U.S. Postal Serv., 546 U.S. at 487 ("[M]ail is 'lost' if it is destroyed or misplaced and 'miscarried' if it goes to the wrong address . . . [and] both those terms refer to failings in the postal obligation to deliver mail in a timely manner to the right address[.]"). Since plaintiff's claims arise from USPS's alleged failure to deliver her mail, they fall squarely within this exception and therefore are barred by sovereign immunity. See Dolan v. U.S. Postal Serv., 546 U.S. at 489 (finding that the postal matter exception is rooted in "injuries arising, directly or consequentially, because mail . . . fails to arrive at all").

Plaintiff's argument that her claim "is not for negligent mail handling[,]" but instead arises from USPS's outright "refusal" to deliver, see Opp. at 2, is of no effect. The Supreme Court has expressly held that "that the postal exception covers suits against the United

---

4 FTCA claims may only be brought against the United States itself, and not against federal officers directly. See Coulibaly v. Kerry, 213 F. Supp. 3d 93, 125 (D.D.C. 2016) ("Failure to name the United States as the defendant in an FTCA action requires dismissal for lack of subject-matter jurisdiction."); see also 28 U.S.C. § 2679(a). Here, plaintiff has named a federal officer as the sole defendant, which is improper.

States for the intentional nondelivery of mail." U.S. Postal Service v. Konan, 607 U.S. 391, 406 (2026); see also, Valdez v. United States, 365 F. Supp. 3d 1181, 1184–86 (D.N.M. 2019) (applying postal matter exception and dismissing claims where the plaintiff alleged that local USPS staff failed to deliver mail to her residence, either intentionally or through negligence); Kulmann v. USPS, Civil Action No. 25-304, 2025 WL 934830, at *5 (D. Conn. Mar. 19, 2025) (same), aff'd, Civil Action No. 25-1106, 2026 WL 1113474 (2nd Cir. Apr. 24, 2026). Accordingly, the postal matter exception applies to plaintiff's FTCA claims, and they therefore are barred.

To the extent that plaintiff is alleging that defendant breached a duty by threatening and plotting to thwart her mail delivery, there is a second reason why sovereign immunity applies to her claim. Sovereign immunity is not waived under the FTCA for claims raising "abuse of process," "misrepresentation, deceit, or interference with contract rights," or for most other intentional torts. See 28 U.S.C. § 2680(h); see also Kugel v. United States, 947 F.2d 1504, 1507 (D.C. Cir. 1991) (finding that ". . . it is the intentional nature of the alleged torts that bars recovery."). Plaintiff's claim of intentional interference thus falls squarely within this exception.

Accordingly, because both the postal matter exception and the intentional tort exception apply to plaintiff's claims, sovereign immunity remains, thus depriving this court of subject matter jurisdiction over her claim for damages, which is also summarily dismissed.

4. The Derivative Jurisdiction Doctrine Also Deprives this Court of Subject Matter Jurisdiction

Finally, even if sovereign immunity was waived, this Court would still lack subject matter jurisdiction. Under the derivative jurisdiction doctrine, "it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires

none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." Arizona v. Manypenny, 451 U.S. 232, 242 n.17 (1981) (citing cases); Lambert Run Coal Co. v. Baltimore & O.R. Co., 258 U.S. 377, 382 (1922) (same). While Congress has eliminated this doctrine for cases removed under 28 U.S.C. § 1441, see id. § 1441(f), it did not do so for cases removed under Section 1442. See Merkulov v. U.S. Park Police, 75 F. Supp. 3d 126, 130 (D.D.C. 2014) ("the doctrine of derivative jurisdiction still applies to claims removed under Section 1442"); Biron v. George, Civil Action No. 21-3307 (CKK), 2023 WL 1765175, at *2 & n.3 (D.D.C. Feb. 3, 2023) ("the derivative jurisdiction doctrine still applies to cases against federal agencies and officers . . . that are removed solely under § 1442(a).") (citing cases). Because this case was removed solely under Section 1442(a)(2), this Court lacks jurisdiction if, prior to removal, the Superior Court of the District of Columbia lacked jurisdiction over the original claims. See Merkulov v. U.S. Park Police, 75 F. Supp. 3d at 129; Day v. Azar, 308 F. Supp. 3d 140, 142 (D.D.C. 2018) (holding that "this Court has jurisdiction over claims removed from the Superior Court of the District of Columbia under Section 1442(a)(1) only to the extent that the Superior Court itself had jurisdiction to hear those claims."), appeal dismissed, No. 18-5178, 2018 WL 6436434 (D.C. Cir. Oct. 17, 2018).

The Court finds that the Superior Court lacked subject matter jurisdiction, and the derivative jurisdiction doctrine therefore applies. See Day v. Azar, 308 F. Supp. 3d at 142. First, the Superior Court does not possess subject matter jurisdiction to review a decision made by USPS or its employees. The "Administrative Procedure Act waives sovereign immunity for certain cases in courts of the United States, not in the District of Columbia's local courts." Pretrial Srvs. Agency for D.C. v. Sanders, 780 F. Supp. 3d 286, 289 (D.D.C. 2025); see id. at 294–96 (applying derivative jurisdiction doctrine because the federal government retains its

immunity from suit in state and other local courts) (citing cases); Williams v. Pretrial Srvs. Agency for Dist. of Columbia, Civil Action No. 23-1859 (RDM), 2024 WL 4103708, at *3 n.3 (D.D.C. Sept. 6, 2024) (same). Similarly, because the FTCA grants federal district courts "exclusive jurisdiction" over civil actions for damages brought against the United States, the Superior Court also lacked jurisdiction over plaintiff's damages claim. See Merkulov v. U.S. Park Police, 75 F. Supp. 3d at 130–31 (quoting 28 U.S.C. § 1346).

In response, plaintiff first asserts that this "federal court has original jurisdiction over federal officers and federal agencies." Opp. at 4. But this argument does not address the subject matter jurisdiction of the D.C. Superior Court, which is the only court that matters for purposes of a derivative jurisdiction analysis. Plaintiff also argues that "derivative jurisdiction does not defeat this Court's authority to grant prospective injunctive relief against ongoing federal agency action." See id. Once again, plaintiff is examining the subject matter jurisdiction of the wrong court, and she does not cite to any legal authority for her position. The type of relief sought, standing alone, does not defeat the derivative jurisdiction doctrine. See Klayman v. Kollar-Kotelly, Civil Action No. 23-3773 (JMC), 2026 WL 743263, at *6 n.7 (D.D.C. Mar. 17, 2026).

Accordingly, the Court finds that, because the Superior Court of the District of Columbia lacked subject matter jurisdiction over plaintiff's claims, the derivative jurisdiction doctrine applies, thus depriving this Court of subject matter jurisdiction following removal.

### *B. Plaintiff's Motion for Leave to File an Amended Complaint*

Plaintiff moves for leave to file an amended complaint, but her motion is procedurally defective. The Local Civil Rules of the Superior Court require that "[a] motion for leave to file an amended pleading attach, as an exhibit, a copy of the proposed pleading as

amended[,]" D.C. LCvR 15.1; see id. at LCvR 7(i) (requiring same). Plaintiff has not complied with this requirement. Consequently, permitting plaintiff to amend her complaint in this case would be inconsistent with the Rules. See Rollins v. Wackenhut Services, 703 F.3d 122, 130–31 (D.C. Cir. 2012) (citing Belizan v. Hershon, 434 F.3d 579, 582 (D.C. Cir. 2006)).

Even if plaintiff's Motion was procedurally sound, her proposed amendments do not assist in reviving her claims. Plaintiff seeks to supplement her existing complaint with events that occurred after she filed this lawsuit with the facts regarding the "activation" of her residence and the short-lived resumption of her mail delivery. See MTA at 1–2. But these so-called "new" facts were also included in plaintiff's Opposition to the Motion to Dismiss and they were fully considered by the Court. Having already considered these facts, the Court finds that they do not change the existing substance of plaintiff's claims. See McGee v. Dist. of Columbia, 646 F. Supp. 2d 115, 121 (D.D.C. 2009) (holding that "[t]he fact that claims [added] in an amended complaint are based on the same legal duties or facts asserted in the original complaint is grounds for denying leave to amend"), aff'd, No. 10-7102, 2010 WL 5140452 (D.C. Cir. Dec. 17, 2010) (per curiam).

More importantly, none of these proposed asserted facts correct any of the jurisdictional defects that give rise to dismissal of this case. As noted above, leave to amend a complaint will not be granted when, as here, such amendment would be futile. See Richardson v. United States, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing Foman v. Davis, 371 U.S. at 182). Accordingly, plaintiff's Motion for Leave to File an Amended Complaint must be denied.

## IV. CONCLUSION

For the reasons stated above, the Court grants defendant's Motion to Dismiss [Dkt. No. 10], dismisses the complaint and this action, and denies plaintiff's Motion for Leave to File an Amended Complaint [Dkt. No. 13]. A final, appealable Order accompanies this Opinion.

Date: 2026.09.24 09:31:52 -04'00'

PAUL L. FRIEDMAN
United States District Judge

DATE: September 24, 2026